UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| BONNIE THAO individually and as parent of AT, MT, NT, and ST, et al., | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) 2:21-cv-00240-JDL ) |
| LH HOUSING, LLC, et al., | ) ) |
| Defendants. | ) |

**ORDER DENYING IN PART DEFENDANTS' MOTION TO DISMISS**

Claiming diversity jurisdiction pursuant to 28 U.S.C.A. § 1332 (West 2022), Plaintiffs Bonnie and Blong Thao (the "Thaos"), individually and on behalf of their four minor children, assert several state-law causes of action (ECF No. 1) arising out of an agreement to rent an allegedly uninhabitable home. Defendants LH Housing, LLC and Eric Holsapple have moved to dismiss the complaint (ECF No. 6) for lack of subject-matter jurisdiction, for failure to state a claim, and because the claims are time-barred. The Thaos responded with a memorandum in opposition to the motion to dismiss that addressed only the jurisdictional argument (ECF No. 10), together with a motion to extend the time to respond to the Defendants' other arguments until two weeks after the Court decides the issue of subject-matter jurisdiction (ECF No. 11). I granted the Thaos' request for an extension (ECF No. 12) on December 15, 2021.

The Thaos allege that the amount in controversy exceeds $75,000 and that they are residents of Maine; Defendant Holsapple is a resident of Colorado and the sole

member of Defendant LH Housing, LLC; and Defendant LH Housing, LLC is a Maine limited liability company.  In their motion to dismiss, the Defendants argue that these allegations are insufficient to support diversity jurisdiction, focusing on the citizenship of the parties.

When a party challenges the sufficiency of the alleged jurisdictional facts without contradicting them, "the court must credit the plaintiff's well-pleaded factual allegations" and "draw all reasonable inferences from them in her favor." *Valentin v. Hosp. Bella Vista*, 254 F.3d 358, 363 (1st Cir. 2001).  Diversity jurisdiction requires that the Thaos and the Defendants be citizens of different states and that the amount in controversy exceed $75,000.  28 U.S.C.A. § 1332(a).

Here, the Thaos have sufficiently alleged that they are citizens of Maine.  "For purposes of diversity jurisdiction, a person's domicile is equivalent to his citizenship," and "[t]he place of residence is *prima facie* evidence of . . . domicile." *Cruz-Martinez v. Hosp. Hermanos Melendez, Inc.*, 475 F. Supp. 2d 140, 143-44 (D.P.R. 2007).  For the same reason, the Thaos have sufficiently alleged that Defendant Holsapple is a citizen of Colorado.  The fact that Defendant LH Housing, LLC is registered in Maine is irrelevant here because "the citizenship of a limited liability company is determined by the citizenship of all of its members." *Pramco, LLC ex rel. CFSC Consortium, LLC v. San Juan Bay Marina, Inc.*, 435 F.3d 51, 54 (1st Cir. 2006).  Thus, the Thaos have sufficiently alleged that they are citizens of Maine and that the Defendants are citizens of Colorado.  As a result, the Thaos have met the diversity jurisdiction requirements.

Accordingly, the Defendants' Motion to Dismiss (ECF No. 6) is **DENIED IN PART** with respect to subject-matter jurisdiction.  The deadline for the Plaintiffs' response to the Defendants' remaining arguments is February 4, 2022.

**SO ORDERED.**

**Dated:  January 21, 2022**

                                                          _____**/s/ JON D. LEVY**_____
                                                        **CHIEF U.S. DISTRICT JUDGE**